IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES H. KEARNS,**

    Petitioner,

v.                                    Civil Action No. 1:09cv156
                                    (Judge Keeley)

**ADRIAN HOKE, Warden,**

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19]
AND GRANTING IN PART AND DENYING IN PART
RESPONDENT'S MOTION TO DISMISS [DKT. NO.14]**

On November 17, 2009, the pro se petitioner, James H. Kearns ("Kearns"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 8, 2010, the respondent, Adrian Hoke, Warden ("Hoke"), moved to dismiss the petition as untimely and procedurally defaulted (dkt. no. 14). United States Magistrate Judge John S. Kaull ("Magistrate Judge Kaull") conducted an initial review pursuant to Local Rule of Prisoner Litigation Procedure 83.09 and filed his Report and Recommendation ("R&R") on April 20, 2010. For the reasons that follow, the Court **ADOPTS** Magistrate Judge Kaull's R&R in its entirety, and **GRANTS-IN-PART** and **DENIES-IN-PART** Hoke's Motion to Dismiss.

### I. BACKGROUND

**A.    State Court Proceedings**

On April 7, 2000, a jury in Harrison County, West Virginia, convicted Kearns of murder and grand larceny. The circuit court

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS**

entered an Amended Sentencing Order on May 30, 2000, acquitting Kearns of his grand larceny conviction and sentencing him to life imprisonment with mercy on the murder conviction. Kearns appealed his conviction to the West Virginia Supreme Court of Appeals on December 4, 2000, which refused to hear his appeal on February 20, 2001. While his appeal was pending, Kearns also filed a motion for a new trial in the circuit court based on newly discovered evidence. That court denied Kearns's motion on May 29, 2002.

Kearns filed his first petition for state habeas corpus relief, alleging four claims of trial error, on July 18, 2002. The circuit court denied this petition on May 23, 2005, and the West Virginia Supreme Court of Appeals refused to hear his appeal of this denial on May 11, 2006. Kearns then filed a second petition for state habeas relief on July 5, 2006, alleging that appointed counsel from his first habeas proceeding was ineffective. The circuit court denied this petition on September 3, 2008, and the West Virginia Supreme Court refused to hear Kearns's appeal on May 13, 2009.

**B.  Current Proceedings**

On November 17, 2009, Kearns filed the instant petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. Ground One of his petition asserts a claim

of ineffective assistance of trial counsel with 56 sub-grounds. Id. at 5a-5e.

On December 11, 2009, Magistrate Judge Kaull ordered Hoke to answer the petition (dkt no. 12), which Hoke did on March 8, 2010. At that time Hoke also filed a motion to dismiss the petition as untimely and procedurally defaulted (dkt. nos. 14 and 15). Hoke's motion argues that Kearns's federal habeas petition is barred under 28 U.S.C § 2244(d)(1) because Kearns failed to file the petition within one year from the "date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C § 2244(d)(1)(A).

Hoke concedes that Kearns's motion for a new trial and his first state habeas proceeding tolled the limitations period until the appeal of that habeas petition was refused on May 11, 2006. See 28 U.S.C § 2244(d)(2). He argues, however, that this tolling provision does not apply to Kearns's second state habeas petition because that petition, claiming ineffective assistance of prior habeas counsel, does not qualify as "collateral review with respect to the pertinent judgment or claim." See id. Hoke, therefore, argues that Kearns's one-year limitation began running on May 11, 2006, following the conclusion of his first habeas proceeding, rather than on May 13, 2009, when his second habeas proceeding

3

concluded. From that, Hoke concludes that Kearns filed his petition well after the expiration of the one-year limitations period, thus making that petition untimely. Hoke also asserts that Kearns waived his sole claim — ineffective assistance of trial counsel — during his first state habeas hearing, and that claim therefore is procedurally defaulted under W. Va. Code § 53-4A-1 and may not be considered by this Court on federal habeas review.

In his response to Hoke's motion (dkt. no. 18), Kearns argued that his second state habeas proceeding tolled the limitation period. Alternatively, he contended that, in any case, his waiver was not made "knowingly and intelligently" and can not serve as a procedural bar to federal review.

Magistrate Judge Kaull's R&R (dkt. no. 19) recommended that Hoke's motion to dismiss be granted-in-part and denied-in-part. Hoke filed timely objections to the R&R on May 4, 2010 (dkt. no. 21).

**II. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The R&R concluded that Kearns's second state habeas proceeding tolled the one-year limitation period under 28 U.S.C § 2244(d) until May 13, 2009, and that his federal petition was therefore timely filed. It also concluded that four subgrounds of Kearns's

claim of ineffective assistance of counsel were not procedurally defaulted and may be considered by this Court.

**A.    Timeliness of Kearns's Petition**

Under <u>Artuz v Bennett</u>, 531 U.S. 4, 8 (2000), an application is "properly filed" when it complies with the laws and rules governing filings. <u>Markley v. Coleman</u>, 215 W.Va. 729, 733 (2004), allows a second habeas petition addressing a claim for ineffective assistance of prior habeas counsel. The Fourth Circuit, moreover, considers all proceedings properly filed under W. Va. Code § 53-4A-1 to be "collateral review" for purposes of tolling the one-year limitation. <u>See</u> <u>Walkowiak v. Haines</u>, 272 F.3d 234, 238 (4th Cir. 2001). Based on this, the R&R correctly concluded that Kearns's second state habeas proceeding claiming ineffective assistance of habeas counsel qualifies as "collateral review" under 28 U.S.C § 2244(d)(2), and tolls the one-year limitation.

**B.    Procedural Default**

While agreeing with Hoke's conclusion that Kearns had waived any claim of ineffective assistance of trial counsel in state court, the R&R concluded that many of Kearns's 56 sub-grounds are not germane to a claim for ineffective assistance of counsel. It therefore restructured Kearns's overarching claim of ineffective

assistance into four separate claims, to determine whether each is procedurally defaulted.

Absent a showing of cause and prejudice, a federal court may not review a habeas claim after a state court, on the basis of "an adequate and independent state procedural rule," has declined to consider it. <u>Fisher v. Angelone</u>, 163 F.3d 835, 845 (4th Cir. 1998); <u>see also</u> W. Va. Code § 53-4A-1(c) (considering a claim waived when the petitioner "could have advanced, but intelligently and knowingly failed to advance," that claim); <u>and</u> <u>Losh v. McKenzie</u>, 166 W.Va. 762, 766 (1981) (finding that W. Va. Code § 53-4A-1(c) is an independent and adequate ground for finding claims procedurally defaulted).

**(1)  Ineffective Assistance of Counsel**

In the R&R, Magistrate Judge Kaull concluded that Kearns had waived any claim of ineffective assistance of counsel under W. Va. Code § 53-4A-1. He further concluded that Kearns had failed to show any adequate cause or prejudice to excuse his waiver.

**(2)  Trial Error**

After recognizing that Kearns had failed to raise most of his trial error allegations in state court, in the R&R, Magistrate Judge Kaull nevertheless concluded that Kearns's direct appeal and

first habeas petition had raised four allegations of trial error. These were included as subgrounds 2(b), 2(d), 2(h) and 2(*l*) in the restructured list of Kearn's claims. R&R at 4-8, 20 (dkt. no. 19). Because Kearns had not waived these four sub-grounds in state court, Magistrate Judge Kaull recommended that this Court review them.

Ultimately, Magistrate Judge Kaull recommended that the Court deny Hoke's motion to dismiss the petition as untimely, and also deny Hoke's motion to dismiss with respect to grounds 2(b), 2(d), 2(h) and 2(*l*) of Kearns's restructured claims of trial error. As to Kearns's remaining claims and sub-grounds, Magistrate Judge Kaull recommended that the Court grant Hoke's motion to dismiss those claims as procedurally defaulted.

### III. Hoke's Objections

Hoke filed two objections to the R&R. Each concerned Kearns's second state habeas claim of ineffective assistance of prior habeas counsel. First, Hoke objected to Magistrate Judge Kaull's conclusion on the timeliness issue, arguing that a second state habeas proceeding claiming ineffective habeas counsel is not "collateral review *with respect to the pertinent judgment or claim*," under 28 U.S.C. § 2244(d)(2). See Objections to R&R at 2

(dkt. no. 21) (emphasis in original). Hoke analogized Kearns's second state habeas petition to a writ of mandamus that does not directly attack the validity of a conviction and therefore does not review the underlying judgment for purposes of tolling.

Hoke also objected to Magistrate Judge Kaull's analysis of whether ineffective counsel may constitute cause to excuse a petitioner's waiver. Although he did not object to the conclusion on the waiver issue, Hoke argued that the Magistrate Judge's secondary analysis of cause was unnecessary because a claim of ineffective habeas counsel cannot constitute such cause.

After conducting a _de novo_ review of the R&R and Hoke's objections, the Court **ADOPTS** Magistrate Judge Kaull's R&R in its entirety (dkt. no. 19), and **GRANTS-IN-PART** and **DENIES-IN-PART** Hoke's motion to dismiss. (dkt. no. 14).

### IV. ANALYSIS

Whether Kearns's petition was timely filed is subject to _de novo_ review. The second issue raised by Hoke in his objections, however, does not object to any conclusion but rather asserts that part of Magistrate Judge Kaull's analysis is irrelevant. Because such an assertion has no bearing on the outcome of this matter, the Court need not review it.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS**

After his opportunity to seek further review with the Supreme Court of the United States expired, on May 21, 2001, Kearns's conviction became final. All parties agree that the applicable one-year period was tolled, however, until after Kearns's motion for a new trial and his first petition for state habeas corpus relief were resolved on May 11, 2006. At issue therefore is whether Kearns's second habeas petition claiming that his prior habeas counsel was ineffective similarly tolled the applicable one-year limitations period.

28 U.S.C. § 2244(d)(2) provides:

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As already noted, a second habeas corpus petition is properly filed under W.Va. Code § 53-4A-1 and is "collateral review" for purposes of 28 U.S.C. § 2244(d)(2). See Walkowiak v. Haines, 272 F.3d 234, 238 (4th Cir. 2001). In Walkowiak the Fourth Circuit held that a motion for a sentence reduction under West Virginia Rule 35(b) does not constitute collateral review so as to toll the one-year limitation. Id. at 236. In contrast, it noted that habeas

9

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS**

petitions filed under W.Va. Code § 53-4A-1 challenge the original judgment and therefore qualify as "collateral review." See id. at 239.

Hoke has not objected to this finding. Rather, he argues that a second petition, particularly one claiming ineffective habeas counsel, even if properly filed under W. Va. Code § 53-4A-1, does not provide a legal challenge to Kearns's original judgment, and therefore is not reviewable "with respect to the pertinent claim." See 28 U.S.C. § 2244(d)(2).

The Eighth Circuit recently reviewed the identical issue in Streu v. Dormire, 557 F.3d 960 (8th Cir. 2009). There, the petitioner, Streu, filed a motion to reopen his state post-conviction proceedings, alleging that his prior state habeas counsel had abandoned him. The Eighth Circuit held that a motion to reopen his post-conviction proceedings was "collateral review with respect to the pertinent judgment" under 28 U.S.C. § 2244(d)(2). Id. at 965. It reasoned that the motion alleging prior habeas counsel's failure to raise certain claims, if granted, would lead to new post-conviction proceedings in state court and further the "ultimate goal of gaining collateral relief from the judgment of conviction." Id.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS**

Here, granting Kearns's second state petition alleging ineffective assistance of habeas counsel would allow for further review of his first habeas proceedings. It also would further his ultimate goal of challenging the validity of his underlying conviction.

The Eighth Circuit in Streu also noted that considerations of comity supported its position.

> "If Missouri courts have decided to entertain motions to reopen post-conviction proceedings despite the effect on the finality of their own judgments, then federal courts arguably should respect that decision by tolling the statute of limitations while such motions are pending."

Id. at 964. Tolling the one-year limitation period to let each state's post-conviction proceedings be fully exhausted makes sense because "it is the State's interests that the tolling provision seeks to protect." Id. (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)).

Here, Kearns's second state petition for writ of habeas corpus was "collateral review with respect to the pertinent judgment" under 28 U.S.C. § 2244(d)(2), and effectively tolled the one-year filing limitation period until May 13, 2009. Kearns's federal petition for writ of habeas corpus, filed on November 17, 2009, is therefore timely.

11

## V. <u>CONCLUSION</u>

For the reasons discussed, the Court **ADOPTS** Magistrate Judge Kaull's R&R (dkt. no. 19) in its entirety and **GRANTS-IN-PART** and **DENIES-IN-PART** Hoke's Motion to Dismiss (dkt. no. 14). Specifically, the Court **DENIES** Hoke's Motion to Dismiss the petition as untimely. The Court also **DENIES** Hoke's Motion to Dismiss the petition as procedurally defaulted with respect to restructured grounds 2(b), 2(d), 2(h), and 2(*l*). The Court **GRANTS** Hoke's Motion to Dismiss the petition as procedurally defaulted with respect to restructured grounds 1(a)-1(nn), 2(a), 2(c), 2(e)-2(g), 2(i)-2(k), 2(m)-2(o), 3 and 4. The case is **REFERRED** to Magistrate Judge Kaull for further proceedings consistent with this Order.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record, all appropriate agencies, and to the <u>pro se</u> petitioner via certified mail, return receipt requested.

Dated: August 5, 2010

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE